UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT TODD ARICK, ) | |
| ) | CASE NO. 09-33561-DHW |
| ) | |
| Debtor. ) | CHAPTER 13 |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM
### [Internal Revenue Service]

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service ("Service"), and in response to the Debtor's Objection to Claim

1.  On December 31, 2009, the Debtor filed for Chapter 13 relief. The Debtor's second amended Zero% Plan is set for confirmation on March 22, 2010 in Montgomery, AL. The Debtor's amended Plan provides for payment of a secured debt to the Service listed in the amount of $1,938.48 with specified monthly payments of $37.55. The Debtor's amended Plan does not propose to pay the priority claim of the Service.

2.  On January 28, 2010, the Service timely filed a Proof of Claim in the total amount of $254,018.53, of which $2,352.00 was classified as secured as Notices of Federal Tax Lien had been filed the Office of the Register of Deeds, Knox County, Knoxville, TN 37902; $1,938.48 was classified as unsecured priority, and $249,728.05 was classified as general unsecured. All of the priority claim was estimated as records of the Service reflect that the Debtor had failed to file his Federal Tax returns for tax years 2006 and 2007. [Claim# 1-1].

3	Until the Debtor files the returns noted above and include the required tax schedules the Service cannot file an amended Proof of Claim.

4.	Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir., 1993) (case involves sale of bankruptcy property subject to EPA CERCLA "clean up" provisions), *cert. denied by* Kahn v. Juniper Development Group (on cross appeal filed against debtor's successor, Juniper Development Group, by Chapter 7 Trustee Kahn) 510 U.S. 914 (1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla., 1996). The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.' " quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla., 1997) quoting from In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

Respectfully submitted this 1st day of March, 2010.

                                      LEURA G. CANARY
                                      United States Attorney

                                      /S/Patricia Allen Conover
                                      PATRICIA ALLEN CONOVER
                                      Assistant United States Attorney

P.O. Box 197                              ASB 2214 R64P
Montgomery, AL 36101-0197       Patricia.Conover@usdoj.gov
Tele: 334-223-7280
Fax: 334-223-7201

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2010, I served a copy of the foregoing document, Response to Debtor's Objection to Claim, by the method indicated after each name, upon the following:

Teresa Jacobs                             Richard D. Shinbaum
U.S. Bankruptcy Administrator        Attorney for the Debtor
One Church Street                     Shinbaum, McLeod & Campbell
Montgomery, AL 36104              P.O. Box 201
[electronic filing]                        Montgomery, AL 36101
                                      [electronic service]

Curtis C. Reding
Chapter 13 Trustee                    Robert Todd Arick
P.O. Box 173                             3144 South Hull Street
Montgomery, AL 36101              Montgomery, AL 36105
[electronic service]                     [United States Postal Service]


                                      /S/ Patricia Allen Conover
                                      PATRICIA ALLEN CONOVER
                                      Assistant United States Attorney